IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 12-cr-0242-WJM-4
Civil Case No. 17-cv-2737-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**4. RICKY HENRY CISNEROS**,

    Defendant/Movant.

## ORDER MAKING ABSOLUTE ORDER TO SHOW CAUSE

Defendant/Movant Ricky Henry Cisneros ("Movant") was one of eleven defendants indicted on a charge of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846. (ECF No. 1.) Movant proceeded to trial alone on the conspiracy charge and was convicted following a 5-day jury trial. (ECF No. 671.) Movant was subsequently sentenced to a term of imprisonment of 144 months. (ECF No. 945.)

Thereafter, Movant filed a 183-page motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. ("Motion"; ECF No. 1163.) Finding that the Motion was grossly verbose and repetitive, and in direct conflict with D.C.Colo.LCivR. 7.1(i) and the undersigned's Revised Practice Standard III.C.1, the Court struck the Motion on June 27, 2019. (ECF No. 1169 at 1–2.) See D.C.Colo.LCivR. 7.1(i) ("Motions . . . shall be concise. A verbose, redundant, ungrammatical, or unintelligible motion . . . may be stricken or

returned for revision"); WJM Revised Practice Standard III.C.1 (setting a 15 page limit for most motions). However, the Court granted Movant leave to file a revised § 2255 motion "postmarked no later than **August 2, 2019**." (ECF No. 1169 at 2 (emphasis in original).) In doing so, the Court cautioned the parties that "[g]iven this additional round of briefing and delay, no extensions of the filing deadlines set forth in this Order shall be granted absent a showing of **substantial** good cause." (*Id*. at 3 (emphasis in original).)

Movant failed to file a revised § 2255 motion or otherwise respond to the Court's Order striking the Motion. Thus, on August 8, 2019, the Court Ordered Movant to Show Cause "**no later than August 19, 2019** as to why his habeas claims and corresponding Civil Action No. 17-cv-2737 should not be dismissed as a result of his failure to file a revised § 2255 motion within the time provided by the Court." (ECF No. 1170 at 2 (emphasis in original).) In the Order to Show Cause, the Court also admonished Movant that if he failed to show cause by August 19, 2019, "his habeas claims and corresponding Civil Action No. 17-cv-2737 will be **dismissed with prejudice** and without further notice." (*Id*. (emphasis in original).) Despite these explicit warnings, Movant has failed to respond to the Order to Show Cause as of the date of this Order.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v.*

*Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). Generally, "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). "When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required." *Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)).

Moreover, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. *See also Yates v. Arkin*, 242 F. App'x 478, 482–83 (10th Cir. 2007) ("[O]ur precedent interprets Fed R. Civ. P. 41(b) as impliedly bestowing the district court with the authority directly conferred by D.C.COLO.LCivR 41.1").

The Court gave Movant ample opportunity to file a revised § 2255 motion. Movant, however, chose not to make such a filing or otherwise respond. The Court then Ordered Movant to Show Cause why his habeas claims and corresponding Civil Action No. 17-cv-2737 should not be dismissed with prejudice for his failure to file a revised § 2255 motion within the time provided by the Court. Despite being faced with a sanction as severe as dismissal with prejudice, Movant neglected to respond to the

3

Order to Show Cause.  As a result, the Court finds that Movant has failed to (1) prosecute his case; (2) comply with this Court's Orders; and (3) show good cause why his habeas claims should not be dismissed.  Accordingly, the Court will dismiss Movant's habeas claims pursuant to Rule 41(b) and Local Rule 41.1.  In the interest of justice, however, the Court will dismiss Movant's habeas claims without prejudice.

Accordingly, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 1170) is MADE ABSOLUTE;

2. Movant's habeas claims in this case are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) and D.C.COLO.LCivR 41.1 based on his failure to prosecute, failure to comply with Court Orders, and failure to show good cause why his claims should not be dismissed;

3. The Clerk of the Court shall terminate Civil Action No. 17-cv-2737; and

4. Each party shall bear his or its own costs.

Dated this 20th day of August, 2019.

BY THE COURT:

William J. Martínez
United States District Judge