**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 12-cr-242-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**4.   RICKY HENRY CISNEROS**,

    Defendant.

---

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

Before the Court is Defendant Ricky Henry Cisneros's letter, which the Court has construed as a Motion for Compassionate Release (the "Motion"), filed on July 23, 2020. (ECF No. 1192.) For the reasons explained below, the Court denies the Motion.

### I. BACKGROUND

On December 13, 2013, after a 5-day jury trial, Cisneros was found guilty of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and 841(b)(1)(A)(viii). (ECF No. 671-8.) On October 14, 2014, the Court sentenced Cisneros to 144 months' imprisonment. (ECF No. 945.) Cisneros is now housed at the Independence House, 2765 South Federal Blvd., Denver, Colorado 80236 ("Independence House"), which is a residential reentry center. (ECF No. 1223; Independence House, "Facility: South Federal," *at* https://www.ind-house.com/sofed.html (last visited Dec. 29, 2020).) Cisneros has a

projected release date of August 20, 2021.  (ECF No. 1223.)

In the Motion, Cisneros requests that the Court consider reducing his sentence or placing him on home confinement for the duration of his sentence.  (ECF No. 1192 at 1.)  Although he was housed in the Federal Prison Camp Montgomery minimum security prison in Montgomery, Alabama ("FPC Montgomery") at the time he filed the Motion, he represented that he would soon be transferred to a halfway house.  (*Id.*)  Cisneros stated that he is concerned with the number rising cases of COVID-19 in Montgomery, Alabama and that he is also concerned that "with the coronavirus cases rising across the country, [he] may face similar issues in the halfway house."  (*Id.*)

On July 31, 2020, the Government responded to the Motion, arguing that Cisneros has failed to make a *prima facie* showing that there are extraordinary and compelling reasons that would warrant his compassionate release.  (ECF No. 1198 at 7.)  On the same day, Cisneros was appointed counsel under the Criminal Justice Act.  (ECF No. 1196.)  Cisneros's counsel filed a motion to Supplement to Motion for Compassionate Release on August 11, 2020.  (ECF No. 1199.)

On November 13, 2020, Cisneros's counsel filed a Status Report, in which he represented that BOP moved Cisneros to the Independence House.  (ECF No. 1223.)

## II. ANALYSIS

Cisneros invokes the Court's authority to grant what is commonly referred to as "compassionate release."  The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it as been imposed except that—
>
>   (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>>
>> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

As this statutory language makes clear, the Court cannot order the BOP to release Cisneros to home confinement for the remainder of his sentence. The Court may only "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." *Id*. To have Cisneros released from Independence House *immediately* under this authority, the Court would need to re-sentence him to time served.

---

[1] Prior to filing the Motion, Cisneros filed an administrative request with the Warden at FPC Montgomery for early release or in-home detention, to which he did not receive a reply. (ECF No. 1192 at 1.) The Court finds that Cisneros has exhausted his administrative remedies and that the Court has jurisdiction to consider his request on the merits.

As stated above, Cisneros must demonstrate "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (c)(1)(A)(i). One Sentencing Commission policy statement explains that

> extraordinary and compelling reasons exist [if] * * * [t]he defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. 1(A)(ii). The same policy statement also contains a safety valve for unexpected circumstances specific to the inmate: "[E]xtraordinary and compelling reasons exist [if] * * * [a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons [explicitly set forth]." *Id*. cmt. 1(D). After careful consideration of the parties' submissions, the Court finds that Cisneros does not fall within either part of the policy statement.

To the extent the Motion is predicated on conditions at FPC Montgomery, the Motion is moot as Cisneros has been transferred out of the facility. *See United States v. Sevilla-Acosta*, 2020 WL 6589797, at *1 (D. Minn. Nov. 10, 2020) (finding motion for compassionate release was mooted by defendant's transfer to a different facility); *United States v. Hooker*, 2020 WL 6504539, at *3 (S.D.N.Y. Nov. 5, 2020) (recognizing

4

that arguments relating to conditions at inmate's facility are moot where inmate has been transferred); *United States v. Freedland*, 2020 WL 4926542, at *6 (E.D. Pa. Aug. 21, 2020) (same).

However, even assuming Cisneros's remaining arguments in the Motion are not moot, the Court finds that Cisneros has not established "extraordinary and compelling" reasons justifying his release.  Significantly, Cisneros does not argue that he has any current health conditions that would place him at increased risk for developing severe complications if he contracted COVID-19.  (ECF Nos. 1192, 1199.)  He is just 45 years old, which puts him significantly below the high-risk age group (65 years or older) identified by the CDC.[2]  Moreover, Cisneros does not assert that COVID-19 is running rampant in his current facility.  The BOP website shows that as of today, the Independence House has just one current case of the COVID-19.  *See* "COVID-19 Cases," *at* https://www.bop.gov/coronavirus/ (last accessed Dec. 29, 2020).

At this point in the pandemic, generalized concerns about the risk of exposure to COVID-19— absent any underlying health concerns or indication that a facility has a high rate of infection or is lacking in proactive policies and measures to protect the health and safety of its population—do not rise to the level of "extraordinary and compelling" reasons warranting compassionate release.  *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate relief."); *United States v. Hockett*, 2020 WL 6063489, *2 (W.D.

---

[2] Centers for Disease Control and Prevention, *Older Adults*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 13, 2020).

5

Pa. Oct. 14, 2020) (rejecting compassionate release where "[d]efendant has not provided evidence that conditions at [his facility] are of particular risk to him to render his circumstances extraordinary and compelling, and instead has given generalized concerns about the spread of COVID-19 which is true of any prison environment"); *United States v. Mekaeil*, 2020 WL 6318693, at *3 (D. Kan. Oct. 28, 2020) ("Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.").

Accordingly, because COVID-19 is not currently rampant at the Independence House and because Cisneros has not provided evidence that he has any underlying medical conditions that place him at an increased risk of severe complications from COVID-19, the Court concludes that Cisneros has not established that there are "extraordinary and compelling reasons" warranting a reduction in his sentence. Thus, re-sentencing Cisneros to time served would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c).

### III.  CONCLUSION

For the reasons set forth above, Cisneros's Motion for Compassionate Release (ECF No. 1192) is DENIED.

Dated this 29th day of December, 2020.

BY THE COURT:

_____

William J. Martínez
United States District Judge